## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil Action No.:  5:24-CV-0131 (LEK/ML) |
| $30,098.45 in U.S. Currency, | |
| Defendant. | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Currency") and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.  Forfeiture is sought of the Defendant Currency as the as proceeds traceable to violation of Title 21, United States Code, Section 841.  Section 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C. § 881(a)(6).

### THE PARTIES

1.     The plaintiff is the United States of America.

2.      The Defendant Currency is $30,098.45 in U.S. Currency.

3.      The Defendant Currency is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."  28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."   28 U.S.C. § 1355(b)(1)(A).

6.      Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."  28 U.S.C. § 1395(b).

## FACTS

7.      On August 24, 2022, Onondaga County Sheriff's deputies responded to a physical domestic complaint in Liverpool, New York.  The caller, (hereinafter, the "first caller"), reported to the Onondaga County 911 Center that her boyfriend Bay E. Rosario ("Rosario") had battered her and had left the residence on foot, heading toward Route 57 in Liverpool.

8.      When deputies responded to the address provided by the first caller, there was no answer.

9.      Deputies found a grey Honda Accord with New York registration parked at the property.  The vehicle had extensive damage to the front windshield, rear window, and some side windows.  A DMV check identified the vehicle as registered to Bay E. Rosario.

10.     Approximately one hour later, Onondaga County 911 Center received a suspicious person complaint regarding a bi-racial male in his twenties walking around the back yard at a residence located in Liverpool, New York.  The second caller (hereinafter, the "second caller") resides in the same neighborhood as the first caller.

11.     Deputies responded to the scene and found a man matching the description provided by the second caller.  The man identified himself as Rosario.

12.     Rosario was interviewed and confirmed that he and his girlfriend were involved in a physical altercation that day.  During the interview, Rosario attempted to flee by foot, but was apprehended by deputies.

13.     Deputies also interviewed the second caller, who advised that she had observed Rosario walking toward her house pulling a dark plastic garbage can along the roadway.  She stated that he told her that he had been involved in a domestic dispute with his girlfriend and wanted to leave the area.  She allowed Rosario to use her phone to call someone to pick him up and permitted him to wait near her home for his ride.  However, when her son observed Rosario acting oddly, he encouraged her to call the police.

14.     Another witness in the neighborhood advised deputies that they had seen Rosario rolling a large garbage can down the street toward the street where the second caller resided.

15.     During the ground search of the second caller's residence, deputies located a green garbage can that was determined not to belong to the residents of the address.

16.     The following items were found inside the garbage can in a black Louis Vuitton duffel bag:  (1) a loaded Glock Model 23, .40 caliber semi-automatic pistol, serial number AAMA370, loaded with 20 rounds (in 22 round capacity magazine); (2) a round Axis-100 digital scale containing a white powdery residue which was field tested positive for the presence of cocaine; and (3) the Defendant Currency.

17.     Deputies returned to the address provided by the first caller to try again to locate the person who had made the report of domestic violence.  They entered the address and walked through, finding no one inside.

18.     As deputies walked first caller's residence, they found designer bags within the residence that similar to the black Louis Vuitton duffle back found inside of the garbage can.

19.     That same day, a search warrant was obtained and executed at the first caller's residence.

20.     The following items were located inside:  (1) mail in the name of Rosario located on the kitchen table; (2) $1,814 in U.S. currency, located in a coat pocket in a hallway closet; (3) a black zip container with two .40 caliber bullets, located on a basement shelf; and (4) a bundle of ten glassine envelopes containing a tan powdery substance, which tested positive for the presence of heroin.

**CONCLUSION**

21.     The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the plaintiff, the United States of America, respectfully requests that the Court:

(1)    Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2)    Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)    Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4)    Award such other and further relief to the United States as it deems proper and just.

Dated: January 19, 2024

CARLA B. FREEDMAN

United States Attorney

By:    */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

VERIFICATION

STATE OF NEW YORK          )
                           )  ss:
COUNTY OF ONONDAGA         )


Daniel A. Bieling, being duly sworn, deposes and states:

I am a Task Force Officer with the United States Drug Enforcement Administration (DEA).

I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein

are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or

on information received from other law enforcement officers.


Dated this 26 day of January 2024.

Daniel A. Bieling, Task Force Officer
Drug Enforcement Administration


Sworn to and subscribed before me this ___26___ day of January, 2024.

Notary Public

JOHN A. CHRISTOPHER
Notary Public - State of New York
No. 01CH6254409.
Qualified in Onondaga County
My Commission Expires January 17, 20 28